## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES NICHOLAS,

                Petitioner,                        Case Number: 5:10-cv-15024

v.                                       HON. JOHN CORBETT O'MEARA

CINDI CURTIN,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner, James Nicholas, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Michigan Reformatory in Ionia, Michigan, challenges his convictions for first-degree premeditated murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Respondent has filed an answer arguing that the claims are meritless, procedurally defaulted, and/or non-cognizable. The Court denies the petition.

I.      **Background**

Petitioner's convictions arise from the shooting death of Reginald "Nuts" Nunnally, on September 23, 2006, in Detroit. He died from multiple gunshot wounds to the head.

Evidence presented at trial showed that, during the early morning hours of September 23, 2006, Petitioner and Nunnally argued while at a house party on Birwood

Street.  Nunnally was later found lying face-down on a couch bleeding from his head.  He was pronounced dead at the scene.  Jerry Simmons testified that a few weeks after the shooting, Petitioner admitted that he had shot Nunnally.  Petitioner told Simmons that Nunnally had "disrespected" him, so Petitioner left the Birwood Street home to obtain a firearm.  He returned to the home approximately one hour later.  Petitioner stated that he found Nunnally sleeping on the couch.  Petitioner woke Nunnally, then shot Nunnally in the head.

**II.    Procedural History**

Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree premeditated murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony.  On May 24, 2007, he was sentenced to life in prison for the murder conviction, 38 to 60 months for the felon-in-possession conviction, to be served concurrently with one another and consecutively to two-years' in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  He raised these claims:

> I.    The erroneous admission of the non-testifying Ms.  Mason's statements were an abuse of discretion and ineffective assistance of counsel, which together denied the appellant his right of confrontation.
>
> II.    The trial court's erroneous hearsay ruling and counsel's failure to properly attack said hearsay amounted to an abuse of discretion and ineffective assistance.

The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v.*

2

*Nicholas*, No.  283850, 2009 WL 1717371 (Mich. Ct. App. June 18, 2009).

Petitioner raised the same claims in an application for leave to appeal filed in the
Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  *People*
*v. Nicholas*, 485 Mich. 929 (Mich. Oct. 26, 2009).

Petitioner then filed the pending habeas petition.  He raises these claims:

I.      Petitioner was denied his Sixth and Fourteenth Amendment rights to
        confrontation and cross-examination when Officer Kline was allowed to
        testify to testimonial statements of the only alleged eyewitness of the
        incident who did not testify at trial.

II.     Petitioner was denied his Sixth and Fourteenth Amendment rights to
        effective assistance of trial counsel when counsel failed to object to Officer
        Kline's testimonial statements on Confrontation Clause grounds regarding
        non-testifying Mason's statements to him.

III.    The trial court's erroneous hearsay ruling regarding Wilson's testimony as
        to non-testifying Mason's statements to him and trial counsel's failure to
        properly attack said hearsay amounted to abuse of discretion and ineffective
        assistance of counsel in violation of petitioner's Sixth and Fourteenth
        Amendment rights.

## III.    Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to
any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as determined
by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State

3

court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error

correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

IV.   **Discussion**

    A.   **Admission of Non-Testifying Witness's Out-of-Court Statement**

Petitioner argues that his right to confrontation was violated when Police Officer David Kline testified about various statements made to him by the victim's housemate, Natheeulean Mason, on the night of the shooting.  Officer Kline testified that Mason said he was awoken by the sound of a gunshot and that he saw Petitioner with a gun in his hand, standing over the Petitioner.  Respondent argues that this claim is procedurally defaulted and, in the alternative, meritless.  "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The rights of confrontation and cross-examination "have ancient roots" which the "Court

6

has been zealous to protect . . . from erosion." *Id.* at 404-05 (internal quotation omitted). The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" *Id.* at 405, *quoting Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965). In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court held that out-of-court statements that are testimonial in nature are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination regardless of whether the trial court finds the statements to be reliable.

The Michigan Court of Appeals held that Mason's statements to police were testimonial in nature and, therefore, their admission violated the Confrontation Clause. *Nicholas*, 2009 WL 1717371 at * 3. The Michigan Court of Appeals further held that the error was harmless. *Id.*

A violation of the Confrontation Clause is subject to harmless error analysis. *See Lilly v. Virginia*, 527 U.S. 116, 140 (1999); *Coy v. Iowa*, 487 U.S. 1012, 1021-22 (1988); *Delaware v. Van Arsdall*, 475 U.S. at 681-84 (1986). On habeas review, to determine whether an error is harmless a court must ask whether the error "'had [a] substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). "To determine the effect of the error under *Brecht*, [the court should] consider both the impact of the improperly admitted evidence and the overall weight of the evidence presented at

trial." *Peterson v. Warren*, 311 F. App'x 798, 805 (6th Cir. 2009), citing *Brecht*, 507 U.S. at 639. Factors to be considered in determining whether a Confrontation Clause error was harmless under *Brecht* include: "(1) 'the importance of the witness' testimony in the prosecution's case,' (2) 'whether the testimony was cumulative,' (3) 'the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points,' (4) 'the extent of cross-examination otherwise permitted,' and (5) 'the overall strength of the prosecution's case.'" *Vasquez*, 496 F.3d at 574 and 574 n. 8 (6th Cir. 2007), quoting *Delaware v. Van Arsdall*, 475 U.S. at 684.

The Michigan Court of Appeals reasoned that the admission of Mason's statement to police was harmless error because:

> Independent evidence was presented that defendant and the victim were involved in an argument shortly before the shooting, that defendant was asked to leave the victim's house, and that defendant left the house, later returned with a gun, and chased the victim. In addition, witness Jerry Simmons testified that he saw defendant after the shooting and defendant told him that he needed a place to stay because of a problem on the "west side." When the witness asked the defendant about the nature of the problem, defendant stated that he got into a confrontation with the victim, left the victim's house, and then came back and killed him. In light of this substantial, properly-admitted evidence, we conclude that the admission of Mason's statements to Officer Kline did not affect the outcome of the proceedings. Therefore, reversal is not required.

*Nicholas*, 2009 WL 1717371 at * 3.

The *Van Arsdall* factors support a finding that the admission of Mason's statements to Officer Kline did not have a substantial impact on the jury's verdict. Mason's statement was merely cumulative when compared with the other evidence against Petitioner. Other,

more incriminating evidence, was far more important to the prosecution's case.  The state court's conclusion that the Confrontation Clause violation was harmless error is not clearly erroneous, nor is it contrary to, or an unreasonable application of, Supreme Court precedent or federal law.  Given the strength of the evidence against Petitioner, the Court concludes that admission of Mason's statement to Officer Kline did not have a substantial or injurious effect on the jury's verdict.

### B.     Ineffective Assistance of Counsel Claim

Petitioner next argues that his trial attorney was ineffective in failing to object to the admission of Mason's out-of-court statements to Officer Kline on the ground that the admission of this testimony violated the Confrontation Clause.  Counsel objected only on the ground that the statements were hearsay.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance."  *Id.* at 689.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  A court's review of counsel's performance must be "highly deferential." *Id.* at 689.  Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The Michigan Court of Appeals held that Petitioner failed to satisfy the prejudice prong of the *Strickland* analysis because there was no reasonable probability that the result of the trial would have been different had Mason's hearsay statements been excluded. *Nichols*, 2009 WL 1717371 at *3.  For the same reasons the Confrontation Clause error was found to be harmless, this Court agrees that Petitioner cannot satisfy the prejudice prong of *Strickland*.  Habeas relief is denied on this claim.

### C.    Admission of Hearsay

Finally, Petitioner argues that the trial court erroneously admitted Mason's testimony under Michigan's excited utterance exception to the hearsay rule and that counsel was ineffective for failing to succeed in convincing the trial court to exclude the testimony.

10

The admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. *See Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir.2003). In addition, Petitioner has not shown counsel was ineffective in failing to secure the exclusion of this testimony because, as discussed above, there is no reasonable probability that the result of the proceeding would have been different had the testimony been excluded.

## V.      Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## VI.     Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is

**DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/John Corbett O'Meara
United States District Judge

Date:  May 31, 2013



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 31, 2013, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

12